UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARGARET DURANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01729-JRS-DLP |
| | ) |
| MARCUS PETERSON Dr., individually | ) |
| and His Corporation and His Medical Mal- | ) |
| practice Insurance, | ) |
| | ) |
| Defendant. | ) |

**Entry**

This cause comes before the Court on Plaintiff's Motion to Substitute Jane Doe, the Personal Representative of the Estate of Margaret Durant, as Plaintiff (ECF No. 30), and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* (ECF No. 14.) The motion to substitute should be denied and the motion to dismiss should be granted.

Plaintiff's counsel filed a Suggestion of Death (ECF No. 29), indicating that Plaintiff Margaret Durant is deceased, and on the same day filed the Motion to Substitute.

Under Federal Rule of Civil Procedure 25(a), if a party dies, the Court "may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by a party "or by the decedent's successor or representative." *Id.*; *see also Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008) ("A motion for substitution may be filed only by a party, by the executor or administrator of the

decedent's estate, or, if the estate has already been distributed to the heirs, by them."). Margaret Durant ceased, on her death, to be a party in this action. *See id.* Plaintiff's counsel is not a party, and "[t]he decedent's lawyer may not file such a [Rule 25(a)] motion in his own name because he no longer has a client . . . ." Because the motion for substitution is "a nullity," *id.* at 874, it is denied.

Turning to the motion to dismiss, federal law recognizes two types of personal jurisdiction: general and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court,* — U.S. —, 137 S. Ct. 1773, 1779–80 (2017). A court may assert general jurisdiction over an individual in the place of his domicile. *Id.* at 1780. A court with general jurisdiction over a defendant may hear *any* claim against that defendant, "even if all the incidents underlying the claim occurred in a different State." *Id.* A court may exercise specific jurisdiction over a suit that "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014) (internal quotation marks omitted). "In other words, there must be an affiliation[n] between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Meyers Squibb,* 137 S. Ct. at 1780 (internal quotation marks omitted).

The Complaint alleges that Defendant Peterson is a citizen of the State of Utah, not Indiana. And the Complaint has not alleged that this suit arises out of or relates to Defendant's contacts with Indiana. Indeed, Dr. Peterson's affidavit reveals that Defendant has no contacts with Indiana. The affidavit states that Dr. Peterson is

licensed to practice in Utah and Nevada; he saw Durant in his office in Utah and he performed surgeries on her in Utah; he has never held a professional license issued by the State of Indiana; he has never practiced in Indiana; and he has never advertised his services in Indiana. These factual assertions are unrefuted. The only relationship this suit has with Indiana is that Margaret Durant was a citizen of that state. But a plaintiff's contacts with the forum state do not establish jurisdiction over the defendant. *See Walden v. Fiore,* 571 U.S. 277, 284–85 (2014).

Since the Court lacks personal jurisdiction over Defendant, it need not address his alternative argument for dismissal under Rule 12(b)(3) for improper venue.

For the foregoing reasons, Plaintiff's Motion to Substitute Jane Doe, the Personal Representative of the Estate of Margaret Durant, as Plaintiff (ECF No. 30) is **denied**, and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* (ECF No. 14), is **granted**. This case will be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Date: 1/18/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARGARET DURANT
7052 Tamarind Ct.
Indianapolis, IN 46236

Steven J. Cohen
ZEIGLER COHEN & KOCH
scohen@zcklaw.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com